### John Coyne *vs.* William W. Boyce, Executor.

*Construction of Will—Charge against Child's share—Payment of Debt.*

A will reciting that a son of the testator was indebted in a specified sum to C. a friend of the testator, provided that said debt, principal and interest, should be paid "out of my estate, in behalf of my said son J. B., and the amount thereof shall be deducted from the share of my said son in the residue of my estate." He then directed that the residue of his estate should be divided into six parts, one for each of his children, and that all the sums which had been charged by him, or by his authority on any of his books of account or memoranda, against any of his children, or which might appear on memoranda made by him, and not then entered on his books of account, should be treated as parts of his estate, and "the charges against each child shall be divided and treated as parts of the share of my estate set apart to such child * * * it being my purpose, as far as practicable, thereby to promote equality in the benefits which my children have derived and shall derive from my estate." Held :

That the debt due to C. should be paid out of the share of the residue coming to such son, and not out of the estate generally.

Appeal from the Circuit Court of Baltimore City.

This appeal was taken from an order of the lower Court (Dennis, J.,) construing a clause of the will of James Boyce, and dismissing the petition of John Coyne. The case is stated in the opinion of the Court.

The cause was argued before Bryan, Fowler, Roberts, and McSherry, J.

*Wm. L. Marbury,* (with whom was *Charles Marshall,* on the brief,) for the appellant.

*Vernon Cook,* (with whom were *B. Howard Haman,* and *Edgar H. Gans,* on the brief,) for the appellee.

BRYAN, J., delivered the opinion of the Court.

The question in this case involves the construction of the will of James Boyce, deceased. John Coyne filed a petition in the Circuit Court of Baltimore City, praying for the payment of a sum of money alleged to have been bequeathed to him as a legacy by the decedent. The will contained many devises and legacies, but the portions necessary for us to consider are as follows :

"Item. My son, James Boyce, is indebted to my friend, John Coyne, in the sum of twenty-five hundred dollars, with interest for many years. It is my will that the said debt, principal and all interest, shall be paid to him out of my estate, on behalf of my said son, James Boyce, and the amount thereof shall be deducted from the share of my said son in the residue of my estate."

\*      \*      \*      \*      \*      \*      \*

"Item. It is my will, that all the rest, residue and remainder of my estate, real and personal, situate in the State of Maryland and in other States, shall be divided by my executors into six parts, and all the sums which have been charged by me, or by my authority, on any of my books of account, or memoranda, against any of my children, or which may appear on memoranda made by me and not yet entered into my books of account, shall be treated as parts of my estate, and the charges against each child shall be divided and treated as parts of the share of my estate set apart to such child, or to trustees for her and her issue, it being my purpose as far as practicable, thereby to promote equality in the benefits which my children have derived and shall derive from my estate."

The residue is then given to his six children. We must ascertain the intention of the testator as far as

possible from the language of the will. In accomplishing this purpose, we shall derive but little aid from general rules of construction. We must endeavor to look at the condition and circumstances of his estate, and the relations of the legatees to him and each other as they were viewed by him. The meaning of his language cannot be satisfactorily interpreted except in this way. It is very evident that he regarded his children as having equal claims upon him, and he took especial pains to satisfy these claims by very carefully providing that, as far as practicable, they should receive equal benefits from his estate. He required that the amounts charged against them on his books or memoranda should be treated as parts of his estate, for the purposes of division, and that the charges against each child should be reckoned as parts of the share given to him or her. He thought it just and proper that his advances to his children should be considered as debts to be accounted for by them out of their shares. If these debts had been relinquished by him, and the division of his estate had been made without regard to them, the children to whom the largest advances had been made would have received a larger portion of his bounty than the others. But this result the testator most expressly and positively forbade, because it would violate the rule of equality. If the debt due to Coyne by his son James should not be paid out of James' share of his estate, the rule of equality would be equally disregarded. The language of the testator on this subject is that this debt shall be paid "out of my estate, on behalf of my said son, James Boyce, and the amount thereof shall be deducted from the share of my son in the residue of my estate." He desired that this debt should be paid; but he recognized it as due by James, and he determined to make James' portion of the estate responsible for it. He states that it is to be deducted from his share, indicating that he con-

Coyne *vs.* Boyce, Ex'r.

sidered that this share would be more than sufficient to pay the debt. And he probably thought that the simplest and most eligible way of paying it, was that the executors should deduct it from James' share and pay it over directly to the creditor. If he had directed that it should be paid to James, and that he should then pay to Coyne, it might have involved delays and embarrassments which can readily be seen. The debt was due by James, and there was no reason why the other children should be required to contribute to the payment of it; as would, in effect, be the case, if it were paid out of the portion of the estate which was to be divided among all the testator's children. We think it most consonant with the general intention of the testator to hold that it is to be paid out of the share of the residue coming to James, and not out of the estate generally. It is not questioned that if this clause were considered abstractly, without reference to any other portion of the will, it would be susceptible of another construction; but this would not be a reasonable method of ascertaining the intention of the testator. The Circuit Court decided in accordance with the views which we have expressed, and we affirm its order.

*Order affirmed, with costs.*

(Decided 21st June, 1893,)